IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOEL P. ROBERTS,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:13-cv-29-PMW<br><br><br><br>Magistrate Judge Paul M. Warner |

Before the court is Joel Roberts's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

## BACKGROUND

Plaintiff alleges disability due to his physical impairments. In 2010, Plaintiff applied for DIB, alleging disability beginning on November 30, 2009.[2] Plaintiff's application was denied initially and upon reconsideration.[3] On June 1, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on June 8, 2012.[5] On June 28, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB.[6] On January 8, 2013, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On February 15, 2013, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[8] The Commissioner filed her answer on April 25, 2013.[9]

On May 1, 2013, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United

---

[2] *See* docket no. 9, Administrative Record ("Tr. ____") 110-16.

[3] *See* Tr. 49-50.

[4] *See* Tr. 72-73.

[5] *See* Tr. 31-48.

[6] *See* Tr. 16-30.

[7] *See* Tr. 1-6.

[8] *See* docket no. 3.

[9] *See* docket no. 8.

States Court of Appeals for the Tenth Circuit.[10] Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[11] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed his opening brief on July 9, 2013.[12] The Commissioner filed her answer brief on August 8, 2013.[13] Plaintiff filed his reply brief on August 22, 2013.[14]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been

---

[10] *See* docket no. 15.

[11] *See id*.

[12] *See* docket no. 20.

[13] *See* docket no. 21.

[14] *See* docket no. 22.

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not

4

disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by: (1) concluding at step three of the sequential evaluation process that Plaintiff's impairments did not meet or equal a section of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1; (2) failing to include Plaintiff's vertigo in the hypothetical provided to the vocational expert ("VE"); and (3) failing to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). The court will address those arguments in turn.

### I. Step Three

Plaintiff first argues that the ALJ erred at step three of the sequential evaluation process by concluding that Plaintiff's impairments did not meet or equal any of the listings. As indicated

above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii). At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085; *see also* 20 C.F.R. § 404.1525.

In his argument that the ALJ erred at step three, Plaintiff does not argue that his impairments meet or equal any specific listing. Indeed, Plaintiff does not even reference a listing in his argument. Instead, Plaintiff appears to argue that the ALJ committed legal error by failing to discuss any of the listings in his step three analysis. For the following reasons, that argument fails.

First, the court finds it noteworthy that Plaintiff has failed to point to any evidence in the record demonstrating that his impairments meet or equal any particular listing. The court reiterates that it is Plaintiff's "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross*, 431 F.3d at 733. In his decision, the ALJ noted that no state agency physician, consultative examiner, treating physician, or examining physician

concluded or suggested that that Plaintiff's impairments meet or equal a listing.[15]  The ALJ further noted that the medical expert testified that Plaintiff's impairments did not meet or equal a listing.[16]  In the court's view, those observations by the ALJ demonstrate that Plaintiff failed to carry his burden at step three to present sufficient evidence demonstrating that his impairments meet or equal a listing.  *See id*.

Second, even if Plaintiff had been able to persuade the court that the ALJ erred by failing to discuss any of the listings, the court nevertheless concludes that any such error was harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Fischer-Ross*, 431 F.3d at 733-34 (recognizing applicability of harmless error analysis in Social Security context).  By failing to argue that his impairments meet or equal *any* particular listing, Plaintiff has failed to demonstrate how any such error prejudiced him.  *See, e.g.*, *Drummond v. Astrue*, 895 F. Supp. 2d 1117, 1126 (D. Kan. 2012) ("Even assuming that [the claimant's] allegations are correct, that the ALJ failed to provide adequate analysis or explanation regarding his step three finding and that the finding is unsupported, [the claimant] has not alleged that he was prejudiced by the error, because he does not say what [l]isting, if any, his condition meets or medically equals.  In fact, he does not argue that his condition meets or medically equals any listing.").

For these reasons, the court concludes that Plaintiff's argument with respect to step three is without merit.

---

[15] *See* Tr. 22.

[16] *See id*.

7

## II. Vertigo

Plaintiff next argues that the ALJ erred by failing to include Plaintiff's vertigo in the hypothetical provided to the VE. Notably, however, Plaintiff does not challenge the ALJ's RFC assessment, which did not include any limitations for Plaintiff's vertigo. Because the ALJ did not include any such limitations in his RFC assessment, he was not required to include them in the hypothetical given to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.").

Furthermore, to the extent Plaintiff's argument on this point could be construed as a challenge to the ALJ's RFC assessment, the court concludes that it is nothing more than an attempt to reargue the weight of the evidence before the ALJ. Plaintiff points to selective portions of the record concerning his vertigo, but fails to demonstrate that substantial evidence does not exist in the record to support the ALJ's decision to omit Plaintiff's vertigo from the RFC. Plaintiff's attempt to reargue the weight of the evidence before the ALJ is a futile tactic on appeal. Indeed, it is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

For these reasons, the court concludes that Plaintiff's argument on this point fails.

**III. VE and DOT**

Finally, Plaintiff argues that the ALJ erred by failing to ask the VE whether her testimony was consistent with the DOT. Pursuant to Social Security Ruling ("SSR") 00-4p, before an ALJ relies upon a VE's testimony to support a disability determination, he must identify and obtain a reasonable explanation for any conflicts between the VE's testimony and the DOT, as well as explain in his decision how any such conflicts were resolved. *See* SSR 00-4p; *see also Haddock v. Apfel*, 196 F.3d 1084, 1089-92 (10th Cir. 1999). SSR 00-4p provides that the ALJ has an "affirmative responsibility" to ask the VE about any possible conflicts between the VE's testimony and the DOT. SSR 00-4p. If a VE's testimony appears to conflict with the DOT, the ALJ must then obtain a reasonable explanation for the apparent conflict. *See id*.

In this case, the VE testified and the ALJ concluded that Plaintiff could perform the jobs of laundry aide, janitor, and a stores laborer.[17] The Commissioner does not dispute that the ALJ failed to ask the VE about conflicts between her testimony and the DOT. Plaintiff contends that the ALJ's failure in that regard constitutes prejudicial error because there are alleged conflicts that exist between the VE's testimony and the DOT with respect to the job of a laundry aide. However, Plaintiff presents no arguments concerning any conflicts between the VE's testimony and the DOT concerning the jobs of a janitor or a stores laborer.

Even if the court were persuaded by Plaintiff's argument, the court concludes that any error committed by the ALJ was harmless. *See Shinseki*, 556 U.S. at 409; *see also Fischer-Ross*, 431 F.3d at 733-34. As noted above, the ALJ determined that, in addition to the job of laundry aide, Plaintiff could perform the jobs of a janitor and a stores laborer. Plaintiff has not identified

---

[17] *See* Tr. 26.

9

any actual conflicts between the VE's testimony and the DOT concerning those two jobs. Accordingly, Plaintiff has failed to demonstrate any prejudice or reversible error as a result of the ALJ's failure to inquire about conflicts between the VE's testimony and the DOT. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts."). Therefore, the court concludes that Plaintiff's argument on this point is without merit.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 10th day of March, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge